630

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE T. JOHNSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered October 27, 1978, convicting defendant upon his plea of guilty of the crime of perjury in the first degree. The sole issue raised by the defendant is that the sentence as a predicate felon of two and one-half years to five years is unduly harsh and excessive. The defendant in his brief seeks leniency from this court upon the ground that the trial court did not give sufficient consideration to his mental capacity and past record in assessing the penalty. A review of the record clearly indicates that insofar as discretion is concerned the penalty imposed was neither shocking nor excessive. However, the record plainly establishes that the conviction herein is premised upon a pleading indictment pursuant to section 210.20 of the Penal Law which provides that: "Where a person has made two statements under oath which are inconsistent to the degree that one of them is necessarily false, where the circumstances are such that each statement, if false, is perjuriously so, and where each statement was made within the jurisdiction of this state and within the period of the statute of limitations for the crime charged, the inability of the people to establish specifically which of the two statements is the false one does not preclude a prosecution for perjury, and such prosecution may be conducted as follows: 1. The indictment or information may set forth the two statements and, without designating either, charge that one of them is false and perjuriously made. 2. The falsity of one or the other of the two statements may be established by proof or a showing of their irreconcilable inconsistency. 3. The highest degree of perjury of which the defendant may be convicted is determined by hypothetically assuming each statement to be false and perjurious. If under such circumstances perjury of the same degree would be established by the making of each statement, the defendant may be convicted of that degree at most. If perjury of different degrees would be established by the making of the two statements, the defendant may be convicted of the lesser degree at most." The defendant's perjury was oral and, since it was alleged to be testimony, it would fall within section 210.15 of the Penal Law which provides as follows: "A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made." Perjury in the first degree is a class D felony. If the alleged false swearing was not material to the matter in which it was made, it would constitute perjury in the third degree, a class A misdemeanor, pursuant to section 210.05 of the Penal Law. The defendant pleaded guilty to the first count of the indictment in this proceeding and it provides as follows: "FIRST COUNT: Perjury in the First Degree in violation of Section 210.15 of the Penal Law of the State of New York, a Class D Felony, in that the defendant did swear falsely and made false statements consisting of testimony material to the action or proceeding in which it was made to wit: On *April 25, 1977* at a proceeding in the Albany County Court, Albany County Courthouse, City of Albany, State of New York, the defendant being duly sworn, while under oath, did testify in sum and substance as follows: That the rape victim stated to the defendant and his co-defendant Eddie Reich that she did not wish to engage in sexual intercourse with them, said testimony being material to the proceeding before the Hon. Joseph Harris, County Court Judge. That thereafter on *January 9, 1978,* at a proceeding at the Albany County Court, Albany County Courthouse, City of Albany, County of Albany, State of New York, the defendant being duly sworn and while under oath did testify in sum or substance as follows: That the rape

victim did not state to the defendant, that she did not wish to have intercourse with him, said testimony being material to the proceedings before the Hon. Joseph Harris, County Court Judge, therefore the defendant's testimony is inconsistent to a degree that one is necessarily false and that the defendant did thereby falsely swear and did intentionally make statements, while under oath at proceedings, the nature of said testimony was material to said proceedings, and that one said statement was false and perjuriously made. That said statements were testimony given in the jurisdiction of the State of New York and within the period of the statute of limitations for the prosecution of the charge of Perjury in the First Degree." (Emphasis in original.) The Trial Judge in this case observed at the arraignment of the defendant that the crime of perjury charged had occurred before that Judge. At the proceeding wherein the defendant withdrew his plea of not guilty and pleaded guilty on October 13, 1978, the defendant admitted to a different Trial Judge that he had testified "differently on two different occasions in County Court" and that it occurred while under oath. Upon those admissions, the plea of guilty to first degree perjury was accepted. It was not until sentencing that the nature of the "testimony" on April 25, 1977 was spread upon the record. At that time Judge Clyne elucidated: "It would appear that this defendant upon his own plea to the crime of Sexual Abuse in the First Degree gave a version of the incident, which, incidentally, was a plea to a reduced charge, reduced from the crime of Rape in the First Degree; you struck a plea-bargain and gave a version of the incident which inculpated the co-defendant. This was under oath at his own plea. He was called to testify at the trial of the co-defendant for the crime of Rape, gave a different version of the incident and exculpated the defendant and partially, if not entirely, as a result of this witness' testimony, a verdict against the co-defendant was one of not guilty. The defendant's motives for so testifying are his own." It should be noted that the proceedings of April 25, 1977 are not part of the present record and, as noted above, that the sole issue before the court was the severity of the sentence which we determine not to be excessive. Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.